**WO**                                                                                    SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Roy E. Lee, | ) | No. CV 06-661-PHX-SMM (GEE) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, et al., | ) | |
| Defendants. | ) | |

Plaintiff Roy E. Lee, confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint  pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  By Order filed August 1, 2006, the Court granted the Application to Proceed and dismissed the Complaint for failure to state a claim, giving Plaintiff leave to file an amended complaint within 30 days.  On August 29, 2006, Plaintiff filed a Motion for Extension of Time to File an Amended Complaint, and on September 19, 2006, he filed an Amended Complaint.  The Court will deny the Motion as moot and will dismiss the action.

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the

allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be saved" but not if a complaint "lacks merit entirely." Id. at 1129.  The Court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts or if it appears at all possible that the defect can be corrected. Id. at 1130.

Here, because Plaintiff did not amend his claims in accordance with the Court's August 1, 2006 Order, the dismissal of the First Amended Complaint will be without leave to amend, and the Court will order that the action be dismissed and judgment entered.  See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996) (the Court's discretion to deny or grant leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) (failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend).

## II. First Amended Complaint

Plaintiff names Joseph Arpaio, Sheriff of Maricopa County, and the Maricopa County Board of Supervisors as Defendants.  The First Amended Complaint contains three counts.  In Count I, Plaintiff alleges that his Fourteenth Amendment rights were violated by overcrowding that prevented access to noise-reduced areas.  In Count II, Plaintiff alleges that his Fourteenth Amendment rights were violated by the food handling procedures and serving of spoiled food and food past its expiration date.  In Count III, Plaintiff alleges that his Fourteenth Amendment rights were violated because the conditions described in Counts I and II resulted in hostility and threats to his safety.

For relief, Plaintiff seeks damages.

## III. Failure to State a Claim

1    As the Court stated in it Order filed August 1, 2006, to state a valid claim under §

2 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct

3 of a defendant and show an affirmative link between the injury and the conduct of that

4 defendant. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976). **To state a claim against a**

5 **supervisory official, the civil rights complainant must allege that the supervisory official**

6 **personally participated in the constitutional deprivation or that the supervisory official**

7 **was aware of widespread abuses and, with deliberate indifference to the inmate's**

8 **constitutional rights, failed to take action to prevent further misconduct.** <u>See Ortez v.</u>

9 <u>Washington County, Or.</u>, 88 F.3d 804, 809 (9th Cir. 1996); <u>Taylor v. List</u>, 880 F.2d 1040,

10 1045 (9th Cir. 1989); <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987); <u>see also</u> <u>Monell v.</u>

11 <u>New York City Department of Social Services</u>, 436 U.S. 658, 691 (1978). There is no

12 *respondeat superior* liability under § 1983, and, therefore, a defendant's  position as the

13 supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose

14 liability. <u>Monell</u>, 436 U.S. at 691-92; <u>Taylor</u>, 880 F.2d at 1045.

15    As in the original Complaint, Plaintiff does not allege in any of the Counts that either

16 Defendant Arpaio or the Board of Supervisors personally participated in the constitutional

17 deprivation or that either Defendant was aware of widespread abuses and, with deliberate

18 indifference to the inmate's constitutional rights, failed to take action to prevent further

19 misconduct, or that either formed policies that resulted in Plaintiff's injuries.  Plaintiff only

20 alleges in the descriptions of the Defendants that they are responsible for oversight and the

21 health and safety of inmates.  This is insufficient to state a claim against either Defendant.

22 Because Plaintiff failed to cure the deficiencies in the original Complaint, the First Amended

23 Complaint is dismissed without leave to amend.

24 **IT IS ORDERED:**

25    (1)  The Motion for Extension of Time to file an amended complaint (Doc. #6) is

26 **denied**.

27

28

1        (2)  The First Amended Complaint ( Doc. # 7) and this action are **dismissed** for failure

2    to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court must enter

3    judgment accordingly.

4        (3)  The Clerk of Court must make an entry on the docket stating that the dismissal

5    for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

6        DATED this 29th day of September, 2006.

7

8

9

10                  Stephen M. McNamee

               United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28